UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

**EMILY FULLER**,

    Plaintiff,

vs.

**SMOOTHIE KING CO., INC.**,
a foreign for-profit corporation, and
**SMOOTHIE KING FRANCHISES, INC.**
a foreign for-profit corporation,

    Defendants.
_____/

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiff **EMILY FULLER**, through undersigned counsel, sues Defendants **SMOOTHIE KING CO., INC.,** a foreign for-profit corporation, and **SMOOTHIE KING FRANCHISES, INC.,** a foreign for-profit corporation (collectively referred to as "Smoothie King"), and alleges as follows:

    1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"), as amended, and 28 C.F.R. Part 36. This is also an action for declaratory and injunctive relief to prevent discrimination which includes equal access to internet website for services, rewards, discounts, gift cards, and to order and secure information about Defendant's stores and available products online.

    2.    This Court has jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. §1331 and the provisions of the ADA. Plaintiff seeks declaratory and injunctive relief

pursuant to 28 U.S.C. §§ 2201 and 2202.  In addition, this Court has supplementary jurisdiction over Plaintiff's common law tort claim pursuant to 28 U.S.C. §1367.

3.      Venue is proper in this Court as all actions complained of herein and injuries and damages suffered occurred in the Southern District of Florida.

4.      Plaintiff EMILY FULLER is a resident of the State of Florida, resides within the Southern District of Florida, is *sui juris*, and is disabled as defined by the ADA and ADA Amendments Act of 2008, 42 U.S.C. §12101 ("ADAAA").

5.      Plaintiff is and at all relevant times is visually disabled and suffers from alternating estropia; myopia, bilateral; and regular astigmatism, bilateral, a permanent eye disease and medical condition that substantially and significantly impairs her vision.  Plaintiff thus is substantially limited in performing one or more major life activities, including, but not limited to, accurately visualizing her world and adequately traversing obstacles.  As such, she is a member of a protected class under the ADA, 42 U.S.C. § 12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101, *et seq.*, and in 42 U.S.C. 3602, §802(h).

6.      As a result of her being visually disabled and disabled, Plaintiff cannot use the computer without the assistance of appropriate and available screen reader software.

7.      Defendants are foreign for-profit corporations authorized to do business and doing business in the State of Florida under the name brand "SMOOTHIE KING**".** Defendants are a Louisiana-based smoothie retailer.  Defendant owns and/or operates 800+ units worldwide, including throughout the United States and the State of Florida.

8.      Plaintiff's vision disability limits her in the performance of major life activities, including sight, and she requires assistive technologies, auxiliary aids and services for effective communication, including communication in connection with her use of a computer.

9. Plaintiff frequently utilizes the internet. Due to the fact that she is significantly and permanently visually disabled, in order to effectively communicate and comprehend information available on the internet and access/comprehend websites, Plaintiff uses commercially available screen reader software to interface with the various websites.

10. At all times material hereto, Defendants were and still are organizations which own and operates a national chain of stores selling smoothies, health drinks, and related products under the brand name "Smoothie King." Each Smoothie King location is open to the public. As the owner and operator of these stores, Defendant is defined as a "public accommodation" within meaning of Title III because Defendant is a private entity which owns and/or operates "[A] bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment," per 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(2).

11. By virtue of being a retail store open to the public, each of Smoothie King's stores is a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation; 42 U.S.C. §12182, §12181(7)(E), and 28 C.F.R. Part 36.

12. Smoothie King controls, maintains, and/or operates an adjunct website called [www.smoothieking.com](www.smoothieking.com). One of the functions of Smoothie King's website is to provide the public information on the various locations of Smoothie King's stores that sell its products and related merchandise throughout the United States and within the State of Florida. Defendant also sells to the public its gift cards, exclusive discounts, rewards programs, and promotions through its associated website.

13. Smoothie King's associated website also services its stores by providing information on its brands of merchandise, tips and advice, editorials, sales campaigns, and events, and other information that Smoothie King is interested in communicating to its customers.

14. Since the website allows the public the ability to locate its stores and retail locations, and sells products, gift cards, exclusive discounts, rewards programs, and promotions offered for sale by Smoothie King to be used at or picked up from its stores, the website is an extension of Smoothie King's physical locations.  By this nexus, the website is characterized as a place of public accommodation per 42 U.S.C. § 12181(7)(E), and an extension of Smoothie King's brick and mortar locations and businesses.

15. Because Smoothie King's website is a public store that is on-line, where the public can view and purchase Defendant's products, the website is itself a sales establishment, which is a place of public accommodation pursuant to 42 U.S.C. § 12181(7)(E).  As such, the website must comply with all requirements of the ADA, and must not discriminate against individuals with disabilities and must not deny full and equal enjoyment of the services afforded to the public.

16. At all times material hereto, Smoothie King was and still is an organization owning and operating the above-described website, [www.smoothieking.com.](www.smoothieking.com.)  Since the website is open through the internet to the public as a retail establishment and is a place of public accommodation under the ADA, Smoothie King, as the owner and/or operator of the website, is defined as a "public accommodation" within meaning of Title III, 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(2). As such, Smoothie King has subjected itself and the associated website it created and maintains to the requirements of the ADA.

17. Plaintiff is and has been a customer who is interested in purchasing Smoothie King's gift cards, exclusive discounts, rewards programs, and promotions which are redeemable and can be used at Defendant's physical stores and which are exclusively offered and sold through Defendant's website.

18. The opportunity to shop for Smoothie King's available gift cards and its exclusive discounts, rewards programs, and promotions from her home is an important accommodation for Plaintiff because Plaintiff only has access to these items through the website. Smoothie King has not provided its business information in any other digital format that is accessible for use by blind and visually disabled individuals.

19. Like most consumers, Plaintiff accesses several websites at a time to compare exclusive discounts, rewards programs, and promotions and prices. When shopping online, Plaintiff may look at several dozens of websites to compare features and prices.

20. During the month of August 2017, Plaintiff attempted on several occasions to utilize Smoothie King's website to browse through the available exclusive discounts, rewards programs, and promotions and to educate herself as to the merchandise being offered and with the intent of making a purchase at Smoothie Kings' physical stores.

21. Plaintiff utilizes screen reader software, which, when utilized, allows individuals who are visually disabled to communicate with internet website(s). However, Defendant's website contains access barriers that prevent free and full use by visually disabled individuals using keyboards and screen reading software. These barriers are pervasive and include, but are not limited to:

    a. Site functions like menu items not labeled to integrate with screen reader;

    b. Mislabeled links;

    c. Mislabeled pop-up buttons;

    d. Missing alt text for site images;

    e. Mislabeled descriptions for image content; and

    f. Empty buttons.

22. Smoothie King's website also lacks prompting information and accommodations necessary to allow visually disabled individuals who use screen reader software to locate and accurately fill out online forms to access Smoothie King's exclusive discounts, rewards programs, and promotions and purchase gift cards from the website.

23. Plaintiff attempted to locate an "Accessibility Notice" on Smoothie King's website which would direct her to a webpage with contact information for disabled individuals who have questions, concerns, or who are having difficulties communicating with the business. However, Plaintiff was unable to do so because no such link or notice was provided on Smoothie King's website.

24. The fact that Plaintiff could not communicate with or within Smoothie King's website left her feeling excluded, as she is unable to participate in the same online shopping experience and access to merchandise as provided at the website and as experienced by the non-visually disabled public.

25. Plaintiff continues to desire to patronize Smoothie King's website, but is unable to do so as she is unable to effectively communicate with Defendant due to her severe vision impairment. Thus, Plaintiff, as well as others with vision disabilities, will suffer continuous and ongoing harm from Smoothie King's intentional acts, omissions, policies, and practices as set forth herein unless properly enjoined by this Court.

26. Because of the nexus between Smoothie King's retail stores and its website, and the fact that the website clearly requires input from Smoothie King's physical locations for its operation and use, the website is a place of public accommodation subject to requirements of the ADA.

27. On information and belief, Smoothie King has not initiated a Web Accessibility Policy to insure full and equal use of its website by individuals with disabilities.

28. On information and belief, Smoothie King has not instituted a Web Accessibility Committee to insure full and equal use of its website by individuals with disabilities.

29. On information and belief, Smoothie King has not designated an employee as a Web Accessibility Coordinator to insure full and equal use of the website by individuals with disabilities.

30. On information and belief, Smoothie King has not instituted a Web Accessibility User Accessibility Testing Group to insure full and equal use of the website by individuals with disabilities.

31. On information and belief, Smoothie King has not instituted a User Accessibility Testing Group to insure full and equal use of the website by individuals with disabilities.

33. On information and belief, Smoothie King has not instituted a Bug Fix Priority Policy.

34. On information and belief, Smoothie King has not instituted an Automated Web Accessibility Testing program.

35. On information and belief, Smoothie King has not created and instituted a Specialized Customer Assistance line or service or email contact mode for customer assistance for the visually disabled.

36. On information and belief, Smoothie King has not created and instituted on its website a page for individuals with disabilities, nor displayed a link and information hotline, nor created an information portal explaining when and how Smoothie King will have the

www.smoothieking.com website, applications, and digital assets accessible to the visually disabled community.

37. On information and belief, Smoothie King's website does not meet the Web Content Accessibility Guidelines ("WCAG") 2.0 Level AA of web accessibility.

38. On information and belief, Smoothie King has not disclosed to the public any intended audits, changes, or lawsuits to correct the inaccessibility of its website to visually disabled individuals who want the safety and privacy of purchasing Smoothie King's gift cards, exclusive discounts, rewards programs, and promotions offered on its website online from their homes, for use at its physical locations.

39. Thus, Smoothie King has not provided full and equal enjoyment of the services, facilities, privileges, advantages, and accommodations provided by and through the website, in contravention of the ADA.

40. Further, public accommodations under the ADA must insure that their places of public accommodation provide effective communication for all members of the general public, including individuals with disabilities such as Plaintiff.

41. The broad mandate of the ADA is to provide an equal opportunity for individuals with disabilities to participate in and benefit from all aspects of American civic and economic life. That mandate extends to internet shopping websites, such as the www.smoothieking.com website.

42. On information and belief, Smoothie King is, and at all times has been, aware of the barriers to effective communication within its website which prevent individuals with disabilities who are visually disabled from the means to comprehend information presented therein.

8

43. On information and belief, Smoothie King is aware of the need to provide full access to all visitors to its website.

44. The barriers that exist on Smoothie King's website result in discriminatory and unequal treatment of individuals with disabilities who are visually disabled, including Plaintiff.

45. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged hereinabove, and this suit for declaratory judgment and injunctive relief is her only means to secure adequate and complete redress from Smoothie King's unlawful and discriminatory practices in connection with its website access and operation.

46. Notice to Smoothie King is not required because of Smoothie King's failure to cure the violations. Enforcement of Plaintiff's rights under the ADA is right and just pursuant to 28 U.S.C. §§ 2201 and 2202.

47. Plaintiff has retained the undersigned attorneys to represent her in this case, and has agreed to pay them a reasonable fee for their services.

**COUNT I – VIOLATION OF THE ADA**

48. Plaintiff re-alleges paragraphs 1 through 47 as if set forth fully herein.

49. Pursuant to 42 U.S.C. §12181(7)(E), Smoothie King is a public accommodation under the ADA because it owns and/or operates the website, as defined within §12181(7)(E), and is subject to the ADA.

50. Pursuant to 42 U.S.C. §12181(7)(E), is a place of public accommodation under the ADA because it provides the general public with the ability to purchase Smoothie King's catering services and food products online, and have those products delivered to one's home or picked up from one of Smoothie King's stores. Further, the website also serves to augment Smoothie King's stores by providing the public information on the various locations of the stores and to educate the

public as to Smoothie King's available food products and services sold on the website and sold in its stores.

51.     Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

52.     Specifically, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(II), unlawful discrimination includes, among other things, "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations."

53.     In addition, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(III), unlawful discrimination also includes, among other things, "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden."

54.     Smoothie King's website must be in compliance with the ADA, but it is not, as specifically alleged hereinabove and below.

55.     As a result of the inaccessibility of Smoothie King's website, individuals with disabilities who are visually disabled are denied full and equal enjoyment of the information and

services that Defendant has made available to the public on its website and its connected physical locations, in violation of 42 U.S.C. §12101. *et seq*, and as prohibited by 42 U.S.C. §12182 *et seq*.

56. A sample review of just part of the Smoothie King's website reveals that the website is not functional for users who are visually disabled, including, but not limited to, the following:

    a. Inconsistent site interfacing with screen reader;

    b. Missing alternative text;

    c. Missing descriptions for site images;

    d. Menu items mot recognized by screen reader; and

    e. Mislabeled forms.

*See*, Declaration and Curriculum Vitae of Robert D. Moody, attached as Composite Exhibit "A".

57. More violations may be present on other pages of the website, which can and will be determined and proven through the discovery process in this case.

58. Further, Smoothie King's website does not offer or include the universal symbol for the disabled that would permit disabled individuals to access the website's accessibility information and accessibility facts.

59. There are readily available, well established guidelines on the internet for making websites accessible to the blind and visually disabled. These guidelines have been followed by other large business entities in making their websites accessible. Examples of such guidelines include, but not limited to, adding alt-text to graphics and ensuring that all functions can be performed using a keyboard. Incorporating such basic components to make the website accessible would neither fundamentally alter the nature of Smoothie King's business nor would it result in an undue burden to the Smoothie King.

60. Smoothie King has violated the ADA -- and continues to violate the ADA -- by denying access to its website by individuals, such as Plaintiff, with disabilities who are visually disabled and who require the assistance of interface with screen reader software to comprehend and access internet websites.  These violations within Smoothie King's website are ongoing.

61. The ADA and ADAAA require that public accommodations and places of public accommodation ensure that communication is effective.

62. According to 28 C.F.R. §36.303(b)(1), auxiliary aids and services include "voice, text, and video-based telecommunications products and systems".  Indeed, 28 C.F.R. §36.303(b)(2) specifically states that screen reader software is an effective method of making visually delivered material available to individuals who are blind or have low vision.

63. According to 28 C.F.R. §36.303(c), public accommodations must furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities: "In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability," 28 C.F.R. §36.303(c)(1)(ii).

64. Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle A of Title III of the ADA, which prohibits discrimination on the basis of disability by public accommodations, and requires places of public accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36.

65. As alleged hereinabove, Smoothie King's website has not been designed to interface with the widely and readily available technologies that can be used to ensure effective communication, and thus violates the ADA.

66. As a direct and proximate result of Smoothie King's failure to provide an ADA compliant website, with a nexus to its brick and mortar store and physical locations, Plaintiff has suffered an injury in fact by being denied full access to and enjoyment of Smoothie King's website and access to the services and products available at its physical locations.

67. As a result of the inadequate development and administration of the website, Plaintiff is entitled to injunctive relief pursuant to 42 U.S.C. §12133 and 28 C.F.R. §36.303, to remedy the ongoing disability discrimination.

68. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff appropriate and necessary injunctive relief; including an order to:

a) Require Smoothie King to adopt and implement a web accessibility policy to make publicly available and directly link from the homepage of the website to a statement as to the Smoothie King's policy to ensure persons with disabilities have full and equal enjoyment of the services, facilities, privileges, advantages, and accommodations through its website.

b) Require Smoothie King to take the necessary steps to make the website readily accessible to and usable by visually disabled users, and during that time period prior to the website's being readily accessible, to provide an alternative method for individuals with visual impairments to access the information available on the website until such time that the requisite modifications are made, and

c) Require Smoothie King to provide the appropriate auxiliary aids such that individuals with visual impairments will be able to effectively communicate with the website for purposes of viewing and locating Smoothie King's store locations, and becoming informed of and purchasing Smoothie King's food products, discounts, rewards, promotions, and services available online, and during that time period prior to the website's being designed to permit individuals with visual

impairments to effectively communicate, to provide an alternative method for individuals with visual impairments to effectively communicate for such goods and services made available to the general public through Smoothie King's website.

69.     Plaintiff is entitled to recover her reasonable attorney's fees, costs and expenses pursuant to the ADA. To that end, Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and has agreed to pay them a reasonable fee for their services.

WHEREFORE, Plaintiff requests entry of judgment in her favor and against Defendants for the following relief:

A.  A declaration that Smoothie King's website is in violation of the ADA;

B.  An Order requiring Smoothie King to update its website to remove barriers in order that individuals with visual disabilities can access the website and effectively communicate with the website to the full extent required by Title III of the ADA;

C.  An Order requiring Smoothie King to clearly display the universal disabled logo within its website, wherein the logo[1] would lead to a page which would state Smoothie King's accessibility information, facts, policies, and accommodations. Such a clear display of the disabled logo is to insure that individuals who are disabled are aware of the availability of the accessible features of the website;

D.  An order requiring Smoothie King to provide ongoing support for web accessibility by implementing a website accessibility coordinator, a website application accessibility policy, and providing for website accessibility feedback to insure compliance thereto.

---

[1] 

E. An Order directing Smoothie King to evaluate its policies, practices and procedures toward persons with disabilities, for such reasonable time to allow Smoothie King to undertake and complete corrective procedures to its website;

F. An Order directing Smoothie King to establish a policy of web accessibility and accessibility features for its website to insure effective communication for individuals who are visually disabled;

G. An award to Plaintiff of her reasonable attorney's fees, costs and expenses; and

H. Such other and further relief as the Court deems just and equitable.

DATED: January 4th, 2018.

| | |
|---|---|
| **RODERICK V. HANNAH, ESQ., P.A.**<br>Counsel for Plaintiff<br>8751 W. Broward Blvd., Suite 303<br>Plantation, FL 33324<br>T. 954/362-3800<br>954/362-3779 (Facsimile)<br>Email: rhannah@rhannahlaw.com | **LAW OFFICE OF PELAYO DURAN, P.A.**<br>Co-Counsel for Plaintiff<br>4640 N.W. 7th Street<br>Miami, FL 33126-2309<br>T. 305/266-9780<br>305/269-8311 (Facsimile)<br>Email: pduran@pelayoduran.com |
| By____*s/ Roderick V. Hannah*____<br>     RODERICK V. HANNAH<br>     Fla. Bar No. 435384 | By ___*s/ Pelayo M. Duran*_____<br>     PELAYO M. DURAN<br>     Fla. Bar No. 0146595 |